UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLIVIA HAWTHORNE,<br><br>                Plaintiff,<br><br>           v.<br><br>LABEAT SHEHU,<br><br>                Defendant. | Civil Action No. 25-4590 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Olivia Hawthorne's ("Plaintiff") joint correspondence with Defendant Labeat Shehu ("Defendant") requesting that the case be transferred to the New Jersey State Superior Court, Law Division. (ECF No. 17.)

The parties have stipulated to the dismissal of Defendants United States of America and Department of the Air Force (together, the "Federal Defendants") from the instant action. (*See* ECF No. 19.) The parties argue that since "it has been determined that the [F]ederal [D]efendants are not necessary or proper parties," "[f]ederal [j]urisdiction and venue are now moot and the case belongs in the New Jersey State Superior Court, Law Division." (ECF No. 17.)

A district court may only remand a matter to state court if it was originally filed in state court and subsequently removed to federal court. *See* 28 U.S.C. § 1447(c). A district court may transfer a civil action to a different venue under 28 U.S.C. §§ 1404(a) or 1406(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"No federal statute[, however,] authorizes transfer of cases from a federal to a state court." *Weaver v. Marine Bank*, 683 F.2d at 751 (3d Cir. 1982).

Here, this matter was not removed from state court. (*See* ECF No. 1.) Rather, Plaintiff directly filed her complaint with this Court. (*See id.*) The Court, therefore, cannot remand the matter to state court. Relatedly, the federal transfer statutes do not permit transfer from a federal court to a state court. As such, Plaintiff's request is without merit and is denied.[1] *See Roe v. The Arc Mercer, Inc.*, No. 19-19084, 2020 WL 4349902, at *4 (D.N.J. July 29, 2020) ("Districts courts may not transfer a case to state court, and may not remand a case to state court where it was initially filed in federal court." (citation omitted)).

**IT IS, THEREFORE,** on this 22nd day of August 2025, **ORDERED** as follows:

1. Plaintiff's request to transfer this case to the Superior Court of New Jersey (ECF No. 17) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Plaintiff intends to proceed with her state law claims, the parties may stipulate to dismissal, and Plaintiff may initiate suit in the Superior Court of New Jersey pursuant to the relevant state court rules.